1   MARC M. SELTZER (54534)
    KALPANA SRINIVASAN (237460)
2   DAVIDA P. BROOK (275370)
    SUSMAN GODFREY  L.L.P.
3   1901 Avenue of the Stars, Suite 950
    Los Angeles, California  90067-6029
4   Telephone:  (310) 789-3100
    Facsimile:  (310) 789-3150
5   mseltzer@susmangodfrey.com
    ksrinivasan@susmangodfrey.com
6   dbrook@susmangodfrey.com

7   MAX L. TRIBBLE, JR. (*pro hac vice*)
    JOSEPH GRINSTEIN (*pro hac vice*)
8   ASHLEY L. MCMILLIAN (*pro hac vice*)
    SANDEEP SETH (*pro hac vice*)
9   SUSMAN GODFREY L.L.P.
    1000 Louisiana, Suite 5100
10  Houston, Texas  77002-5096
    Telephone:  (713) 651-9366
11  Facsimile:  (713) 654-6666
    mtribble@susmangodfrey.com
12  jgrinstein@susmangodfrey.com
    amcmillian@susmangodfrey.com
13  sseth@susmangodfrey.com

14  Attorneys for Plaintiff PersonalWeb Technologies, LLC

15              UNITED STATES DISTRICT COURT

16            NORTHERN DISTRICT OF CALIFORNIA

17
    PERSONALWEB TECHNOLOGIES, LLC.        Case No 13-cv-01317 (EJD)
18  AND LEVEL 3 COMMUNICATIONS LLC,

19              Plaintiff,                **PERSONALWEB TECHNOLOGIES,
                                          LLC.'S NOTICE OF MOTION AND
20  vs.                                   MOTION FOR LEAVE TO AMEND ITS
                                          COMPLAINT AND INFRINGEMENT
21  GOOGLE INC. AND YOUTUBE, LLC          CONTENTIONS; MEMORANDUM OF
                                          POINTS AND AUTHORITIES IN
22              Defendants.               SUPPORT THEREOF**

23                                        DATE:  December 10, 2013
                                          TIME:  10:00 a.m.
24                                        PLACE:  Crtrm 2, 5th Floor

25

26

27

28

                                         1

1   **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

2       **NOTICE IS HEREBY GIVEN** that on December 10, 2013, at 10:00 am, or as soon

3   thereafter as counsel may be heard by this Court in Courtroom 2 (5th Floor) of the United States

4   District Court for the Northern District of California, San Jose Courthouse, Courtroom 2, 5th

5   Floor, 280 South 1st Street, San Jose, California 95113, Plaintiff PersonalWeb Technologies,

6   LLC ("PersonalWeb") respectfully moves the Court as follows:

7       PersonalWeb moves for leave to amend its Complaint and Patent Local Rule 3-1

8   Infringement Contentions.

9

Dated:  November 4, 2013                    MARC M. SELTZER
10                                          KALPANA SRINIVASAN
                                            DAVIDA P. BROOK
11                                          MAX L. TRIBBLE, JR.
                                            JOSEPH GRINSTEIN
12                                          ASHLEY L. MCMILLIAN
                                            SANDEEP SETH
13                                          SUSMAN GODFREY LLP

14

15                                  By:  */s/Kalpana Srinivasan*
16                                       Kalpana Srinivasan
                                         Attorneys for Plaintiff PersonalWeb
17                                       Technologies, LLC

18

19

20

21

22

23

24

25

26

27

28

PWEB'S MOTION FOR LEAVE TO AMEND ITS COMPLAINT AND INFRINGEMENT CONTENTIONS
CASE NO. 13-CV-01317 (EJD)

1

# **TABLE OF CONTENTS**

2

3    MEMORANDUM OF POINTS AND AUTHORITIES ................................................ 1

4    I.    INTRODUCTION ......................................................................... 1

5    II.   FACTS ......................................................................................... 3

6          A.    Defendant's conduct leading up to PersonalWeb's first motion to
                 compel ............................................................................................... 3

7
          B.    Google's conduct following PersonalWeb's first motion to compel ...................... 4
8
          D.    Judge Davis' order granting PersonalWeb's second motion to compel ................ 7
9
          E.    Google's conduct following the order granting PersonalWeb's motion
10               to compel ........................................................................................... 8

11         F.    Google's September production .......................................................... 9

12    LEGAL STANDARDS ............................................................................... 9

13    IV.   ARGUMENT ............................................................................. 10

14         A.    Google only recently produced the code reflecting infringement ................. 11

15         B.    PersonalWeb has diligently moved to amend ....................................... 12

16         C.    Google will not be prejudiced by PersonalWeb's amendment ..................... 12

17         D.    PersonalWeb's Amendment is Important .............................................. 13

18    IV.   CONCLUSION ......................................................................... 14

19

20

21

22

23

24

25

26

27

28

i

# **TABLE OF AUTHORITIES**

<u>Cases</u>

*Comcast Cable Comms. Corp., LLC. v. Finisar Corp.*,
   2007 WL 716131  (N.D. Cal. Mar. 2, 2007)................................................................. 9

*Fortinet, Inc. v. Palo Alto Networks, Inc.*,
   2010 WL 4608250 (N.D. Cal. 2010) ..................................................................... 11

*Int'l Dev., LLC v. Simon Nicolas Richmond and Adventive Ideas, LLC.*,
   2010 WL 3946714  (D. N.J. October 04, 2010)......................................................... 14

*Mass Engineered Design, Inc. v. Ergotron, Inc.*,
   2008 WL 1930299 (E.D. Tex. 2008) ................................................................... 3, 12

*MediaTek, Inc. v. Freescale Semiconductor, Inc.*,
   2013 WL 2403644 (N.D. Cal. 2013) ..................................................................... 11

*O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*,
   467 F.3d 1355 (Fed. Cir. 2006)............................................................................ 9, 12

*Seiko Epson Corp. v. Coretronic Corp.*,
   2008 WL 2563383 (N.D. Cal. 2008)..................................................................... 3, 11

*Tessera, Inc. v. Advanced Micro Devices, Inc.*,
   2007 WL 1288199  (N.D. Cal. Apr. 30, 2007) .......................................................... 10

*Trans Video Electronics, Ltd. v. Sony Electronics, Inc.*,
   278 F.R.D. 505 (N.D. Cal. 2011)............................................................................. 10

*Yodlee, Inc. v. CashEdge, Inc.*,
   2007 WL 1454259  (N.D. Cal. 2007)...................................................................... 9, 14

<u>Rules</u>

Fed. R. Civ. P.  15 ...................................................................................................... 10

Fed. R. Civ. P. 15(a)................................................................................................... 10

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

**I.      INTRODUCTION**

PersonalWeb moves for leave to amend its complaint and contentions to incorporate recently produced code that reflects the Google file system's infringing use of ███████. ████████████████████████████████████████████████████████████ Specifically, the amendment relates to describing the intermediate layer storage systems which work in conjunction with the lowest layer storage systems in a manner that infringes the patents-in-suit. The code that forms the basis for this amendment was produced in August of 2013, nearly two years into discovery in this case and following dozens of letters and emails requesting source code discovery; numerous meet and confers and telephonic conferences between counsel; two motions to compel; and an order by the Eastern District of Texas compelling Google's compliance after months of evading its discovery obligations.

The Eastern District of Texas' June 28, 2013 order instructed Google to produce "the requested documents and source code within 30 days[,]" Dkt. 163, which, as detailed below, included "[c]lient code that requests a file be written to Colossus[,]" as well as "any instance where a content-based file identifier is generated or used to access, retrieve, replicate, de-duplicate, delete or authorize access to files in Colossus." Dkt. 122. The court's order thus addressed PersonalWeb's longstanding request for, among other things, client code, and any use of a content-based identifiers. In August of this year, more than a month after the court-ordered deadline, Google reluctantly made available some of this client code. Not surprisingly, that code demonstrated infringement of PersonalWeb's patents in its use of ████████████████. ███████████████████████████████████████████████

PersonalWeb has consistently accused, and sought source code and technical documents

---

[1] Judge Davila's standing order on patent cases provides that "Requests to amend a party's Infringement or Invalidity Contentions are likewise referred to the assigned Magistrate Judge." Accordingly, PersonalWeb files this motion before Magistrate Judge Howard R. Lloyd.  Although Google indicated in the joint case management statement that "Google will oppose any amendment with respect to this case[,]" Dkt. 201, at Google's request, PersonalWeb nevertheless delayed filing this motion and sent Google its proposed amended complaint and infringement contentions so that Google could determine whether or not it would stipulate to the amendments. *See* Declaration of Davida Brook in Support of PersonalWeb Technologies, LLC.'s Motion for Leave to Amend its Complaint and Infringement Contentions ("Brook Decl.") at ¶¶15-16.

relating to, the entirety of Google's file system.  This file system is composed of ████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████  As detailed *infra* at Sec. II,

PersonalWeb's longstanding accusation of the **entire** Google file system is apparent from its

contentions, and reinforced by the dozens of emails and letters where PersonalWeb specifically

asked for not only the code related to ████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████

Notwithstanding this clear identification of the accused technology, and requests for the

client code that writes to ███████████████████, for more than half a year, Google

evaded PersonalWeb's requests for this information.  Indeed, Google would not even produce this

information after it had been ordered to do so by the Eastern District of Texas.  *Compare* Dkt.

163 (granting PersonalWeb's motion to compel and ordering Google to produce, among other

things, "[c]lient code that requests a file be written to Colossus" and "any instance where a

content-based file identifier is generated or used to access, retrieve, replicate, de-duplicate, delete

or authorize access to files in Colossus" by July 28, 2013); *with* Ex. 1, July 29, 2013 Letter from

Google to PersonalWeb, (explaining  that, despite the court order, Google had not, and would not,

produce ████████████████████████████[4]  Rather, it was not until

August 29, 2013, more than a month after the court-ordered deadline, and after PersonalWeb had

requested a meet-and-confer, that Google finally supplied some of the client code the court had

---

[2]  The other systems that make-up Google's ███████████████████████████████

██████████████████████████████.

[3] ███████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

[4]  Unless otherwise specified, all exhibits are attached to the Brook Decl., filed concurrently
herewith.

1  ordered produce.

2  Good cause thus exists to amend PersonalWeb's contentions because PersonalWeb only

3  learned the details of ███████████████████████ very recently, when Google finally

4  produced code in response to the Eastern District of Texas' order granting PesonalWeb's second

5  motion to compel. *See Seiko Epson Corp. v. Coretronic Corp.*, 2008 WL 2563383, at *2-3 (N.D.

6  Cal. 2008) (granting patentee's motion to amend its preliminary infringement contentions to

7  accuse 24 more models because patentee was not able to learn of the additional products until the

8  accused infringer provided discovery in response to a motion to compel); *see also*, *Mass*

9  *Engineered Design, Inc. v. Ergotron, Inc.*, 2008 WL 1930299, at *3 (E.D. Tex. 2008) (granting

10  patentee leave to amend its infringement contentions to address new accused products where

11  patentee showed the accused infringer's delay in providing discovery of the new products, and the

12  accused infringer would not suffer prejudice). Moreover, amendment is important as the newly

13  produced code exposes the Google file system's infringing use of ████████████████

14  ████████████████████████████████████████████████████

15  ████████████████████

16  ## II.    FACTS

17  **A.    Defendant's conduct leading up to PersonalWeb's first motion to compel**

18  PersonalWeb filed its complaint in this action on December 8, 2011, and served its

19  original infringement contentions on July 2, 2012. Under the docketing control order in this case,

20  Google was to produce source code and relevant technical documents pursuant to Local Patent

21  Rule 3-4(a) on September 7, 2012. *See* Dkt. 94. But Google's production was vastly deficient.

22  PersonalWeb spent the next month pursuing Google, including sending numerous detailed letters

23  outlining what was obviously missing from Google's incomplete production. These

24  correspondences, which highlighted PersonalWeb's interest in the entirety of Google's file

25  system, were outlined in and attached as exhibits to PersonalWeb's original motion to compel.

26  *See* Dkt. 97-7, 97-8, 97-9, 97-10, 97-12, 97-14. During this process, Google further took the

27  untenable position that PersonalWeb's infringement contentions were only directed ██████

28  ████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████ Despite

PersonalWeb conferring with Google about these issues on multiple occasions, Google would not

agree to produce the █████████████████████████████████████████████████

█████████████████████████ Google's unilateral refusal and its deficient production

forced PersonalWeb to move to compel on October 5, 2012.  *See* Dkt. 97.

PersonalWeb nonetheless supplemented its infringement contentions to the best of its

ability on October 31, 2012, based upon the limited material Google had made available.  The

parties continued to meet and confer, and Google subsequently agreed it would produce the

withheld materials sought by PersonalWeb's motion in exchange for PersonalWeb withdrawing

the motion to compel, amending its contentions, and agreeing to give Google a substantial

extension of time on its invalidity contentions.  *See* Dkt. 104.  Specifically, the parties represented

to the Court:

> [T]he parties have reached a compromise whereby [Google has]
> agreed to produce documents and source code sought by
> PersonalWeb's motion to compel and substantially complete such
> production by December 12, 2012 and PersonalWeb has agreed to
> withdraw its Motion to Compel and to amend its disclosure of
> infringement contentions.

*Id.*

**B.     Google's conduct following PersonalWeb's first motion to compel**

PersonalWeb relied on Google's assurances, memorialized to the Eastern District of

Texas, in withdrawing its motion to compel.  But Google did not follow through on its

commitments.  Over the next four weeks, Google continued to trickle out material, including

documents and code that could have been produced months earlier.  *See* Dkt. 122 at 4-5 (listing

just a few of the obvious instances in which Google failed to adequately look for, gather, and

produce documents in a timely fashion).

Exacerbating the incomplete production was the piecemeal manner in which Google

produced code and other materials.  Google made at least nine separate productions of source

code, necessitating six separate trips by PersonalWeb's technical consultant for the code review.

1   *See* Dkt 122-2 at ¶¶ 4-11.  For example, Google's first production of ██████ code was on

2   December 3, 2012.  This production included only 10 code files.  *See id.* at ¶7.  After

3   PersonalWeb's protests, Google produced an additional 384 code files on December 12, 2012.

4   *See id.* at ¶8.

5          Between December 14, 2012 and January 3, 2013, Google produced additional code

6   despite its commitment that such production would be complete by mid-December.

7          Throughout this period, PersonalWeb continued to send numerous detailed letters to

8   Google's counsel specifically identifying the deficiencies shown by Google's own

9   documentation.  *See* Dkt 122-4.  This correspondence once again highlighted PersonalWeb's

10  interest in the entirety of Google's file system, including the ████████████████████████████.

11  As just a few examples:

12  • On November 16, 2012, PersonalWeb sent an email to Google requesting ████████████

13  ████████████████████████████████████████████████████████████████

14  ████████████████████████████████████████████████████████████████

15  ████████████████████████████████████████████████████████████

16  ██████████████████████████  Ex. 2 at 1.  *See also* Ex. 3 at 1, November 21,

17      2012 Letter from PersonalWeb to Google (same).

18  • On November 21, 2012, Personal sent Google an email requesting ████████████████

19  ██████████████████████████████  Ex. 3 at 1.  *See also* Ex. 4; October

20      28, 2012 letter from PersonalWeb to Google (same); Ex. 5 at 1-2, September 13, 2012

21      email from PersonalWeb to Google (same).

22          Google in many instances ignored or failed to respond to PersonalWeb's requests, and

23  large gaps remained in Google's production and disclosure of materials necessary to understand

24  the accused systems in this case.  *See* Dkt. 122 at 8.  Of particular note, Google did not produce a

25  single line of code or a single technical document describing whether or how its ████████████

26  ████████████████████████████████████████████████████████████████

27  ██████████████████████████████████████████████████

28          On January 19, 2013, the parties conducted a lead and local meet and confer by phone to

1  discuss the ongoing and significant deficiencies in Google's production.  Google took the position
2  that it had produced code and documents sufficient to meet its obligations.  Google also claimed
3  that certain files were not produced because they did not exist and suggested that other files were
4  being withheld based on objections which had not previously been articulated in writing.

5  PersonalWeb agreed yet again to provide Google with a letter and list of missing material.
6  On January 25, 2013, PersonalWeb served Google with a 16-page letter: outlining the types of
7  materials that were required, at a minimum, to understand fully the accused systems; listing
8  numerous files and documents that had yet to be produced; and asking Google to advise whether
9  it would agree to produce such materials and if not, any basis on which it was withholding
10 production.  This letter explained that "[b]y now, Defendants should understand that this case
11 involves the

12  Ex. 6 at 3 (footnote omitted).  It further
13 explained that PersonalWeb is therefore entitled to "any instance in the code in which

15  *Id.*
16 Finally, the letter specifically requested "[a]ll instances of

18  *Id.* at 4.

19  PersonalWeb also supplemented its infringement contentions to the best of its ability on
20 January 22, 2012, based upon the limited material Google had made available.  *See* Ex. 7.  As it
21 did in its January 25, 2013 letter, PersonalWeb reminded Google that the subject matter of this
22 case was the use in Google's file system of



Ex. 7 at 1 (footnote omitted).

PersonalWeb also separately highlighted for Google that it was seeking not only the code related to 

As explained on the first page of PersonalWeb's contentions:

*Id.* at fn. 1.

A month passed and Google did not produce a single additional code file or document. Accordingly, on February 22, 2013, PersonalWeb moved to compel a second time. Dkt. 122.

**D.    Judge Davis' order granting PersonalWeb's second motion to compel**

PersonalWeb's second motion to compel detailed the history outlined above. *See* Dkt. 122. It also specifically addressed Google's failure to produce the client code that writes to Google's lowest layer storage systems, and in fact listed "[c]lient code that request[s] a file be written to Colossus" first in its list of deficiencies having to do with Google's production of information relating to its file system. *Id.* at 9. PersonalWeb's proposed order accompanying this motion likewise requested "[c]lient code that requests a file be written to Colossus[,]" as well as "any instance where a content-based file identifier is generated or used to access, retrieve, replicate, de-duplicate, delete or authorize access to files in Colossus." Dkt. 122-1 at 2.

As Judge Davis found in granting PersonalWeb's motion to compel, Google's excuse for failing to produce this and other information – that it did not understand what was accused or

1   sought by discovery in this case – was misplaced.  *See* Dkt. 163 at 4 (Explaining that Google's

2   excuse is "belied" by its actions and inactions in this case, which include never moving to strike

3   or clarify PersonalWeb's contentions.   "Additionally, if Google truly did not understand

4   PersonalWeb's infringement position, it would be impossible for it to assert that its products do

5   not function in the manner in which PersonalWeb contends.").  Rather, Judge Davis found that

6   Google had ample notice of what is at issue in this case and thus ordered Google "to produce the

7   requested documents and source [by July 28, 2013.]"  Dkt. 163.  Again, as detailed in its motion

8   and proposed order, such requests plainly included "[c]lient code that request a file be written to

9   Colossus[,]" and "any instance where a content-based file identifier is generated or used to

10  access, retrieve, replicate, de-duplicate, delete or authorize access to files in Colossus."  Dkt. 163.

11  **E.      Google's conduct following the order granting PersonalWeb's motion to compel**

12          On July 29, 2013 – a day after the court-ordered production deadline – Google sent

13  PersonalWeb a letter explaining that it was also not going to produce the

14  ██████ , raising anew the same argument previously rejected by the court in its order granting

15  PersonalWeb's motion to compel.  *See* Ex. 1 at 2

16

17                                                                          PesonalWeb responded the next

18  day with an email explaining the Court had already rejected Google's attempt to lay blame for its

19  lack of production on allegedly insufficient infringement contentions, and that any alleged burden

20  on Google in producing the requested code should have been raised before the order issued. Ex. 8

21  at 1.  PersonalWeb went on to request another lead and local meet-and-confer, *id.*, to which

22  Google responded with a letter agreeing to produce the key information, which it finally made

23  available around the first week of September, 2013.  Ex. 9.

24          Also during this period, Google informed PersonalWeb that it intended to move for

25  summary judgment that Google's file system does not infringe the patents in suit.  Ex. 10.

26  PersonalWeb informed Google that, given the deficiencies in its production, such a motion was

27  premature, but nonetheless met and conferred and let Google know of its availability for a hearing

28  in February of 2014.  Ex. 11.

**F.      Google's September production**

In the first week of September, 2013, Google produced 79,000 files totaling more than 28 GB of code relating to the ███████████████████████. *See* Declaration of Jay Bhatia filed in support of PersonalWeb L.L.C.'S motion to amend its complaint and infringement contentions ("Bhatia Decl.") at ¶4.  Although PersonalWeb's technical advisors have only had two months to review this voluminous and very complicated production, which was not accompanied by technical documents describing the ██████████████████, they have identified the infringing use of ████████████████████.  Accordingly, PersonalWeb moves to amend its complaint and infringement contentions.

## LEGAL STANDARDS

The Northern District of California's Patent Local Rules state, in pertinent part:

> Amendment of the Infringement Contentions or the Invalidity Contentions may be made only by order of the Court upon a timely showing of good cause.   Non-exhaustive examples of circumstances that may, absent undue prejudice to the non-moving party, support a finding of good cause include:
>
> . . .
>
> (c) Recent discovery of nonpublic information about the Accused Instrumentality which was not discovered, despite diligent efforts, before the service of the Infringement Contentions.

Patent L.R. 3-6.

The "good cause" standard requires a showing of diligence, with the burden on the movant to establish its diligence.  *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006).  The court should also consider whether the amendment would cause undue prejudice to the non-moving party. *See* Patent L.R. 3-6; *Yodlee, Inc. v. CashEdge, Inc.*, 2007 WL 1454259 at *3 (N.D. Cal. 2007) (granting leave to amend where the non-moving party "will not be substantially prejudiced").

While the Patent Local Rules are designed to require the parties to crystallize their theories of the case early in the litigation, they are "not a straitjacket into which litigants are locked from the moment their contentions are served."  *Comcast Cable Comms. Corp., LLC. v.*

1  *Finisar Corp.*, 2007 WL 716131 at *2 (N.D. Cal. Mar. 2, 2007); *see Tessera, Inc. v. Advanced*

2  *Micro Devices, Inc.*, 2007 WL 1288199 at *2 (N.D. Cal. Apr. 30, 2007) (considering the timing

3  and impact of amendment on other case deadlines).[5]

4  ## IV.   ARGUMENT

5       PersonalWeb moves for leave to amend its contentions to incorporate the recently

6  produced code reflecting the Google file system's use of ███████████████████████

7  ████████████████████████████████████████████████

8       PersonalWeb's motion is supported by "good cause."  *First*, good cause exists because

9  Google only recently produced the code reflecting infringement, even though PersonalWeb has

10 been requesting this information for more than a year.  *Second*, PersonalWeb offers this

11 amendment without delay and without any dilatory or improper motive.  Indeed, PersonalWeb

12 brings this motion less than two months after beginning review of the newly produced code,

13 despite its significant volume which totals over 28 GB.  *See* Bhatia Decl. at ¶¶5-8.  *Third*, Google

14 cannot be said to suffer any prejudice if the amendment is allowed when its own delinquent

15 production caused PersonalWeb's need to amend.  Moreover, as acknowledged by the Eastern

16 District of Texas, since the start of this case, PersonalWeb has consistently provided Google with

17 notice of its intent to accuse any use of a ███████████████████████████, and this

18 amendment should thus come as no surprise to Google.  *See infra* at Sec. II.  *Fourth*, this

19 amendment is important because it allows PersonalWeb to fully present its infringement and

20 damages theories to this Court, as well as respond to Google's planned motion for summary

21 judgment on noninfringement.

22

23 ---

24 [5] Typically, amendments to pleadings are governed by Federal Rule of Civil Procedure 15, which provides in relevant part that a "court should freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a).  PersonalWeb, however, seeks leave to amend both its complaint

25 and its infringement contentions, the latter of which is governed by the more exacting Local Patent Rule 3-6.  Because the latter is a more exacting standard, PersonalWeb only addresses the

26 law governing motions to amend infringement contentions.  *See e.g. Trans Video Electronics, Ltd. v. Sony Electronics, Inc.*, 278 F.R.D. 505, 507-08 (N.D. Cal. 2011) (explaining that the main

27 difference between these two standards is that under Rule 15 undue delay by itself is insufficient to justify denying a motion to amend, whereas under L.R. 3-6 "if there is no showing of diligence,

28 then a court need not even entertain whether the amendment would prejudice the nonmoving party").

1    **A.      Google only recently produced the code reflecting infringement**

2            PersonalWeb has shown good cause to amend its infringement contentions because,

3    despite its best efforts, PersonalWeb only recently learned the detail regarding Google's

4    intermediate layer storage systems.  Patent Local-Rule 3-6 recognizes that good cause exists to

5    amend to take into account "[r]ecent discovery of nonpublic information about the Accused

6    Instrumentality which was not discovered, despite diligent efforts, before the service of the

7    Infringement Contentions."  The production of additional information does not have to follow a

8    motion to compel, but rather must correspond with plaintiffs' diligent efforts, and take place after

9    a party has submitted its infringement contentions.  *See e.g.*, *MediaTek, Inc. v. Freescale*

10   *Semiconductor, Inc.*, 2013 WL 2403644, *7 (N.D. Cal. 2013) (granting patentee leave to amend

11   its infringement contentions to add additional accused products where the patentee showed it

12   exercised reasonable diligence in pursuing discovery on the technical aspects of the products that

13   were relevant to infringement, but where certain non-public information was not produced until

14   after it had submitted its contentions); *Fortinet, Inc. v. Palo Alto Networks, Inc.*, 2010 WL

15   4608250, *1 (N.D. Cal. 2010) (granting in part patentee's motion for leave to amend its

16   infringement contentions based on recently produced documents).

17          Here, despite PersonalWeb's numerous emails and letters requesting the ███████████

18   ██████████████████████████████████████████████████████████████████████████████

19   ██████████████████████████████████████████████████████████████████████████████

20   ████████████████████████  Google refused to produce client code or technical documents

21   describing the ███████████████████████, until after PersonalWeb brought and succeeded

22   on a second motion to compel.  *See supra* at Sec. II.  In fact, Google continued to refuse to

23   provide this information even after the Eastern District of Texas ordered it produced.  *Id*.

24   PersonalWeb could thus not have been expected to describe the details of Google's entire file

25   system in advance of filing it January 22, 2013 contentions, and good cause exists to grant

26   PersonalWeb leave so that it can clarify its infringement contentions in light of the newly

27   produced code.  *See e.g*, *Seiko Epson Corp. v. Coretronic Corp.*, 2008 WL 2563383, at *2-3

28   (N.D. Cal. 2008) (granting patentee's motion to amend its preliminary infringement contention to

1    accuse 24 more models of accused product because patentee demonstrated good cause where it

2    was not able to learn of the additional products until the accused infringer provided discovery in

3    response to a motion to compel).[6]

4    **B.     PersonalWeb has diligently moved to amend**

5            PersonalWeb has shown good cause to amend its infringement contentions because

6    PersonalWeb has pursued this amendment diligently.   A party's diligence in offering an

7    amendment is measured from the moment that it learns the amendment is necessary.  *See O2*

8    *Micro*, 467 F.3d at 1365–66 ("The local patent rules in the Northern District of California . . .

9    require[e] both the plaintiff and the defendant in patent cases to provide early notice of their

10   infringement and invalidity contentions, and to proceed with diligence in amending those

11   contentions when new information comes to light . . . .").

12           PersonalWeb brings this motion less than two months after Google finally produced the

13   code describing the ████████████████████.  In that short time, and despite the size of

14   Google's production, which was by far its largest production to date, PersonalWeb's primary

15   technical advisor has traveled to Google's headquarters in Mountain View, California twice

16   review the newly produced source code, studied the newly produced source code, drafted the

17   proposed amended infringement contentions, and prepared this motion.  *See* Bhatia Decl. at ¶5-8.

18   As PersonalWeb has proceeded diligently in amending its contentions since the additional

19   nonpublic information was produced, PersonalWeb has shown good cause to amend.

20   **C.     Google will not be prejudiced by PersonalWeb's amendment**

21           Google will not be prejudiced by PersonalWeb's amendment because it was Google who

22   caused the need for this amendment in the first instance by refusing to produce any client code

23   until more than a month after the court-ordered deadline provided in the court's order granting

24   PersonalWeb's motion to compel. *See Mass Engineered Design, Inc. v. Ergotron, Inc.*, 2008 WL

25   ────────────────────
     [6] ███████████████████████████████████████████████████

26   ███████████████████████████████████████████████████████████

27   ███████████████████████████████████████████████████████████

28   ███████████████████████████████████████████████████████████

1930299, at *3 (E.D. Tex. 2008) (granting patentee leave to amend its infringement contentions to address new accused products where patentee showed good cause based on the accused infringer's delay in providing discovery of the new products and finding the accused infringer would not suffer prejudice).

Not only did Google refuse to produce any information relating to its ▮▮▮▮▮ until ordered by a federal court, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Moreover, as the Eastern District of Texas acknowledged in granting PersonalWeb's second motion to compel, PersonalWeb's contentions placed Google on notice of what is at issue in this case, and thus Google cannot purport to be surprised by this amendment.  Finally, Google has ample time to address PersonalWeb's amended contentions.  Fact discovery does not close for more than three months and expert discovery does not close for nearly six months.  Dkt. 205.  Accordingly, even if Google had not already received notice of PersonalWeb's infringement theories—which it has—PersonalWeb's amendment would not cause prejudice.

**D.     PersonalWeb's Amendment is Important**

PersonalWeb's amendment is important because it demonstrates PersonalWeb's theories of infringement and damages.   The newly produced information demonstrates that the infringement consistently alleged by PersonalWeb is taking place, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ PersonalWeb's

13

1   amendment is thus highly material to the merits of the case.  This amendment also will be crucial

2   to PersonalWeb's ability to respond to Google's upcoming motion for summary judgment on

3   noninfringement in its file system.  *See Yodlee,* 2007 WL 1454259 at *2 (holding that "it would

4   be unjust for information so highly material to the merits to be avoided on the basis of such mere

5   technicalities."); *Int'l Dev., LLC v. Simon Nicolas Richmond and Adventive Ideas, LLC.*, 2010

6   WL 3946714 at *3 (D. N.J. October 04, 2010) (noting "the importance of what the court is

7   excluding" as a factor in deciding whether to grant leave to amend infringement contentions).

8                        **IV.    CONCLUSION**

9       Good   cause   exists   to   amend   PersonalWeb's   complaint   contentions.[7]   Despite

10  PersonalWeb's contentions and frequent requests for source code and technical documents, which

11  respectively described, and requested information about, the entirety of Google's file system,

12  Google consistently refused to produce the key nonpublic information describing its ███████

13  ███████████████ until only very recently.  Moreover, amendment is important as the

14  newly produced code exposes the Google file system's infringing use of ███████████████

15  █████████████████████████████████████████████

16  ████████████████████ Finally, amendment would not result in any prejudice

17  or delay.

18  Dated:  November 4, 2013                    MARC M. SELTZER
                                                KALPANA SRINIVASAN
19                                              DAVIDA BROOK
                                                MAX L. TRIBBLE, JR.
20                                              JOSEPH GRINSTEIN
                                                ASHLEY L. MCMILLIAN
21                                              SANDEEP SETH
                                                SUSMAN GODFREY LLP
22

23
                                            By:  */s/Kalpana Srinivasan*
24                                              Kalpana Srinivasan
                                                Attorneys for Plaintiff PersonalWeb
25                                              Technologies, LLC

26

27

28  ----
    [7] PersonalWeb's second amended complaint is attached hereto as Exhibit 13.  PersonalWeb's
    third amended infringement contentions are attached hereto as Exhibit 14.