*E-Filed: April 23, 2014*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PERSONALWEB TECHNOLOGIES, LLC and LEVEL 3 COMMUNICATIONS LLC,<br><br>Plaintiffs,<br>v.<br><br>GOOGLE INC. and YOUTUBE, LLC,<br><br>Defendants. | No. C13-01317-EJD (HRL)<br><br>**ORDER ON DISCOVERY DISPUTE JOINT REPORT #1**<br><br>**[Re: Docket No. 283]** |

PersonalWeb Technologies, LLC ("PersonalWeb") sues Google Inc. and YouTube, LLC (collectively, "Google") alleging that several of Google's IT infrastructure systems infringe PersonalWeb's patents. In the parties' Discovery Dispute Joint Report #1 ("DDJR#1"), Google seeks an order preventing PersonalWeb from disclosing Google confidential material to PersonalWeb's consultant Drew Wright. *See* Dkt. No. 283.

Google asserts that Wright has ongoing client relationships with companies in the same field as the accused Google systems, and he advises them on pricing and related activities that affect their competitive decision-making in the marketing of such systems. Giving Wright access to Google's confidential financial and technical documents would severely prejudice Google in the IT infrastructure market because Wright will be unable to "unlearn" this information when advising Google's competitors. Additionally, PersonalWeb would not be prejudiced by preventing disclosure

1 to Wright because he is just one of eight proposed damages consultants with similar expertise, and
2 he is not expected to testify.

3 On the other hand, PersonalWeb argues that Google has failed to meet its burden of
4 demonstrating good cause to prevent the disclosure. Wright, who PersonalWeb does in fact intend
5 on calling as a testifying expert, has signed an agreement to be bound by the Protective Order, and
6 there is no reason to believe that he will to disclose any confidential information to Google's
7 competitors. Moreover, the nature of his financial consulting work is such that the information he
8 may glean from this litigation could not be used for the benefit of his clients and to the detriment of
9 Google.

10 The Protective Order entered by the Eastern District of Texas governs this dispute and
11 provides the following standard:

> The objecting party shall have the burden of showing to the Court "good cause" for preventing the disclosure of its Protected Information to the technical adviser. This "good cause" shall include a particularized showing that: (1) the Protected Information is confidential commercial information, (2) disclosure of the Protected Information likely would result in a clearly defined and serious injury to the objecting party's business, (3) the proposed technical advisor is in a position to allow the Protected Information to be disclosed to or become known to the objecting party's competitors, and (4) that the technical advisor's access to Protected Information may create other confidentiality or legal risks in connection with other patent-related activities or interests tied to the technical.

18 Dkt. No. 89, Protective Order, at ¶ 3.F.

19 The Court agrees with PersonalWeb that Google has failed to carry its burden of showing
20 good cause. Any fear that Wright may actually disclose Google's confidential information is
21 unfounded speculation, and the Court is not convinced that Wright's mere knowledge of Google's
22 confidential financial and technical information is in itself likely to cause any harm to Google.
23 Accordingly, Google's request for an order preventing disclosure of confidential information to
24 Wright is denied.

25 **IT IS SO ORDERED.**

26 Dated: April 23, 2014

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

2

**C13-01317 HRL Notice will be electronically mailed to:**

Adam Hockensmith     ahockensmith@susmangodfrey.com, jdunaven@susmangodfrey.com

Allen Franklin Gardner     allengardner@potterminton.com

Ashley Lauren McMillian     amcmillian@susmangodfrey.com

Davida P Brook     dbrook@susmangodfrey.com, eball@susmangodfrey.com

Daymon Jeffrey Rambin     jrambin@capshawlaw.com

Elizabeth DeRieux     ederieux@capshawlaw.com

Joseph S. Grinstein     jgrinstein@susmangodfrey.com, tadkins@susmangodfrey.com

Justin Adatto Nelson     jnelson@susmangodfrey.com

Kalpana Srinivasan     ksrinivasan@susmangodfrey.com, hdanielson@susmangodfrey.com

Marc M. Seltzer     mseltzer@susmangodfrey.com

Matthew M. Wolf     matthew.wolf@aporter.com

Max Lalon Tribble , Jr     mtribble@susmangodfrey.com, tadkins@susmangodfrey.com

Michael A. Berta     michael.berta@aporter.com, alaina.austin@aporter.com, sfcalendar@aporter.com

Michael Anthony Berta     michael.berta@aporter.com

Michael E Jones     mikejones@potterminton.com

Nicholas Lee     nicholas.lee@aporter.com

Nicholas H Lee     nicholas.lee@aporter.com, donna.johnson@aporter.com, elizabeth.tryon@aporter.com, john.fitzpatrick@aporter.com, MaryAnne.Donaldson@aporter.com

Ryan J. Casamiquela     ryan.casamiquela@aporter.com, jane.rustice@aporter.com, SFCalendar@aporter.com

Sandeep Seth     ss@sethlaw.com

Sara Patricia Zogg     sara.zogg@aporter.com

Sidney Calvin Capshaw , III     ccapshaw@capshawlaw.com

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**