[Counsel for All Parties Listed on Signature Page]

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| PERSONALWEB TECHNOLOGIES, LLC and LEVEL 3 COMMUNICATIONS, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> GOOGLE INC. and YOUTUBE, LLC, <br><br> Google. | Case No. 5:13-cv-01317-EJD <br><br> **DISCOVERY DISPUTE JOINT REPORT # 5** <br><br> JUDGE: Hon. Howard R. Lloyd |

The parties dispute whether Google Inc. and YouTube, LLC (collectively, "Google" or "Defendants") can offer a corporate deponent on the topic of the decision to cite any of the asserted patents in any of Google's patent applications.  In an effort to resolve this dispute, the parties conferred by phone, and PersonalWeb Technologies, LLC's ("PersonalWeb") lead counsel, Kalpana Srinivasan, and Google's lead counsel, Michael A. Berta, met in person at Arnold & Porter's San Francisco offices on April 7, 2014 for approximately three hours on this issue and a number of other discovery disputes.  The close of fact discovery was April 18, 2014.  The deadline for filing discovery motions is April 25, 2014.  Lead counsel for both parties certify their compliance with Judge Lloyd's Standing Order Re: Civil Discovery Disputes.

## I.     BACKGROUND

On December 8, 2011, PersonalWeb filed suit against Google and YouTube alleging patent infringement.   PersonalWeb alleges that certain of Defendants' systems infringe its patents, including Google's query-serving system, certain Google infrastructure systems, and YouTube's Content Management system.  PersonalWeb has noticed a Rule 30(b)(6) deposition of a Google corporate representative on "Google's decision to cite to any of the Asserted Patents in any other patents originally filed by Google," which is the subject of this dispute.

## II.    PERSONALWEB'S POSITION

Google has failed to present for deposition a corporate witness on the topic of willful infringement.   PersonalWeb served its 30(b)(6) notice addressing willfulness on December 18, 2013.  The deposition notice contained only one topic: "Google's decision to cite to any of the Asserted Patents in any other patents originally filed by Google."  Google responded on January 21, 2014 that it would not present a corporate deponent on this topic but was willing to meet and confer. The parties met and conferred by phone on February 11, 2014 and Google suggested it would not offer a corporate witness unless PersonalWeb narrowed the topic, which Google believed required a witness with knowledge of every patent Google had ever filed.   The parties met and conferred again, in person, on April 7, 2014, and Google stated that it wanted PersonalWeb to identify to Google the specific patents at issue for the willfulness topic.   PersonalWeb compromised.   It provided a list of Google patents which cite to the patents-in-suit later that day.   Although it received the information it requested, Google never offered a corporate representative.  On April 16, 2014, Google informed PersonalWeb that it had "not yet located a person with knowledge on this issue."  Despite the four months it has had to locate such a witness, discovery has now closed and Google has still failed to present a corporate witness in compliance with PersonalWeb's notice. Thus, PersonalWeb respectfully requests the Court compel Google to present a corporate witness on the willfulness topics presented in this lawsuit.

## III.   GOOGLE'S POSITION

While PersonalWeb dedicates most of its motion laying out what it believed was the

- 2 -

procedural history surrounding its 30(b)(6) notice, the fundamental dispute is not whether Google has failed to present a corporate witness in response to PersonalWeb's overly broad deposition notice, but whether its notice is in fact appropriate and whether a corporate designee with knowledge at Google even exists.

PersonalWeb's topic as written demanded an investigation across all of Google's patents from any time period for any reference to any of the six patents-in-suit and the prosecutorial decisions made with respect to such references:

> "1.    Google's decision to cite to any of the Asserted Patents in any other patents originally filed by Google."

Following meet and confer efforts, whereby Google articulated the objectionable scope and burden the topic imposed, PersonalWeb identified five separately prosecuted Google patents as an alleged compromise, and then more recently added four more patents to the list.[1]  This still demanded of Google an investigation to determine the decision-making process, if any, for the citation of one patent (*i.e.*, U.S. Patent No. 5,978,791 ("'791 patent")) from among over 1,060 prior art references cited across those nine applications, from an indeterminate number of potential Google employees who might have specific knowledge of that specific fact.  This is a burdensome process.  It is also a process that would result in non-discoverable information, because PersonalWeb has specifically sought a witness to speak on "Google's *decision*" to cite to the '791 patent in those nine patents.  In other words, this topic plainly requests "why" the '791 patent was cited during prosecution.  The question of why prior art is cited as potentially material to a specific patent in prosecution directly implicates privileged information regarding discussions with, and evaluations by, prosecuting attorneys, including the likelihood that such a decision occurred entirely outside Google, such as at the prosecuting attorney of record's firm.  Testimony sought regarding the decision for evaluating the relevance of prior art leading to its eventual citation during prosecution of a patent application is outside the scope of discoverable information.  *See In re*

---

[1] On April 7, 2014 (following a meet-and-confer), PersonalWeb's full list non-exhaustively identified U.S Patent Nos. 7,437,364; 7,558,822; 7,565,423; 7,587,398; 7,747,749; 8,065,275; 8,224,964; 8,275,790; and 8,639,742.

DISCOVERY DISPUTE JOINT REPORT # 5
Case No. 13-cv-01317

*Spalding Sports Worldwide, Inc.*, 203 F.3d 800, 805-806 (Fed. Cir. 2000) (holding that protection from discovery applies to "requests for legal advice on patentability or for legal services in preparing a patent application" even when it implicates technical information such as prior art). As framed, PersonalWeb's request is basically only directed to this privileged decision-making process, and Google has raised this issue of privilege from the outset in response to PersonalWeb's noticed request for testimony. (*See* Google's objections and responses, served January 21, 2014 ("Google objects to this Topic as requested as calling for information protected by the attorney-client privilege, work-product doctrine, and/or any other applicable privilege or protection.").)

PersonalWeb ignored Google's objections, and has not addressed them here. And, even if PersonalWeb were to seek to change its noticed topic to something other than an inquiry into solely privileged information, any inquiry related to the topic of citations of any PersonalWeb patents in Google patent applications is not relevant to this case. There has been no predicate foundation laid that its request can lead to the discovery of admissible evidence, let alone prove up an issue such as willfulness. Of the nine Google patents listed by PersonalWeb, not a single one has been tied to the existing accused system architectures at issue in this matter. PersonalWeb has not asked any of Google's technical deponents about these patents, or even attempted to establish a connection to the Accused Systems.[2] Indeed, PersonalWeb recently identified its full list of patents on which it is seeking a deponent just over two weeks ago. Furthermore, on the record to date, there is no evidence directly tying the Google patents in question to any accused functionality of the Accused Products and fact discovery into the Accused Systems is closed. Accordingly, even if this topic elicited testimony as to why the '791 patent was cited in a particular Google patent, such testimony could not establish the elements of willfulness as to alleged infringement by the Accused Systems, either objectively or subjectively. *See In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007); *Cordance Corp. v. Amazon.com, Inc.*, 639 F. Supp. 2d 406, 415-16 (D. Del. 2009) (finding no willful infringement where a defendant cited an asserted patent during the prosecution of one of its own patents). Thus, PersonalWeb's relief should be also denied because the topic does not seek

---

[2] At this point, PersonalWeb has taken 17 depositions in this case.

- 4 -

1   relevant information and, to the extent that it does, the burden on Google[3] still justifies denial.

2          Furthermore, the actions taken by the Patent Trial and Appeal Board ("PTAB") with respect

3   to the '791 patent serves as additional evidence that PersonalWeb's inquiry regarding willfulness is

4   a burden with no benefit.  The PTAB has found a reasonable likelihood that various petitioners

5   would prevail in challenging the validity of each and every claim challenged in the '791 patent,

6   including all but one of the claims asserted in this case against Google with respect to the '791

7   patent.  The PTAB's actions confirm that Google could not have acted despite an objectively high

8   likelihood that its actions constituted infringement of a valid patent or that Google knew (or should

9   have known given its obviousness) of this risk since every challenged claim of the '791 patent is

10  currently the subject of a successful petition before the PTAB.  *Id.*

11         Despite the flaws in PersonalWeb's notice, Google in good faith still conducted an internal

12  investigation to determine if any employee had relevant knowledge as to why the '791 patent was

13  cited.  And, consistent with Google's representation to PersonalWeb during subsequent meet and

14  confers, the Google attorney involved in the prosecution of at least the earliest five patents is no

15  longer employed at Google.  In fact, the records located to date do not indicate that Google was ever

16  involved in any decision to cite the '791 patent and the relevant Information Disclosure Statements

17  for the nine patents citing the '791 patent were all signed by the prosecution attorney of record who

18  is not, and never was, a Google employee.[4]   There is thus nothing here for the Court to compel.

19  **IV.   PERSONALWEB'S PROPOSAL**

20         PersonalWeb seeks an order compelling Google to present a corporate witness on the

21  willfulness topics presented in this lawsuit.

22  **V.    GOOGLE'S PROPOSAL**

23  _____

24  [3] Preparing a witness on a topic for which no current employees appear to have knowledge (as
    explained below) and which demands privileged testimony for events that took place as far back as
    a decade ago will impose an undue burden on Google, to the extent it can even be accomplished.

25  [4] PersonalWeb earlier this month, on April 7, 2014, identified for the first time the other four, later-
26  filed patents (*i.e.*, U.S. Patent Nos. 8,065,275; 8,224,964; 8,275,790; and 8,639,742), and Google's
    investigation on those is not yet complete.  Though, even if there is a Google attorney with
27  knowledge, his or her deposition should not be compelled for the reasons stated above with respect
    to privilege and relevance.

28

1    Google asks that this Court deny PersonalWeb's requests in their entirety.

2

3

4

5    Dated: April 25, 2014         By:    /s/ Ashley McMillian
                                          SUSMAN GODFREY L.L.P.
6                                         Max L. Tribble, Jr. (SBN 20213950)
                                          mtribble@susmangodfrey.com
7                                         Joseph Grinstein (SBN 24002188)
                                          jgrinstein@susmangodfrey.com
8                                         Ashley L. McMillian (SBN 24070252)
                                          amcmillian@susmangodfrey.com
9                                         1000 Louisiana Street, Suite 5100
                                          Houston, Texas 77002
10                                        Telephone: (713) 651-9366
                                          Facsimile: (713) 654-6666
11
                                          Marc M. Seltzer (SBN 54534)
12                                        mseltzer@susmangodfrey.com
                                          Kalpana Srinivasan (SBN 237460)
13                                        ksrinivasan@susmangodfrey.com
                                          1901 Ave of the Stars, Suite 950
14                                        Los Angeles, CA 90067
                                          Telephone: (310) 789-3100
15                                        Facsimile: (310) 789-3150

16                                        *Attorneys for Plaintiff*
                                          *PersonalWeb Technologies, LLC*

17   Dated: April 25, 2014         By:    /s/ Nicholas H. Lee
                                          Michael A. Berta (SBN 194650)
18                                        ARNOLD & PORTER LLP
                                          Three Embarcadero Center, 7th Floor
19                                        San Francisco, CA 94111
                                          Phone: (415) 471-3100
20                                        Fax: (415) 471-3400
                                          michael.berta@aporter.com
21
                                          Nicholas H. Lee (SBN 259588)
22                                        ARNOLD & PORTER LLP
                                          777 S. Figueroa Street, 44th Floor
23                                        Los Angeles, CA 90017
                                          Phone: (213) 243-4000
24                                        Fax: (213) 243-4199
                                          nicholas.lee@aporter.com
25

26

27

28

DISCOVERY DISPUTE JOINT REPORT # 5
Case No. 13-cv-01317

Sara P. Zogg (admitted *pro hac vice*)
ARNOLD & PORTER LLP
555 Twelfth Street, NW
Washington, DC 20004
Phone: (202) 942-5000
Fax: (202) 942-5999
sara.zogg@aporter.com

*Attorneys for Defendants*
GOOGLE INC. and YOUTUBE, LLC

## Attestation Regarding Signatures

Pursuant to Local Rule 5-1, I, Ashley McMillian, attest that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's consent and have authorized the filing.

Dated: April 25, 2014          */s/ Ashley McMillian*_____
                               Ashley McMillian