[Counsel for All Parties Listed on Signature Page]

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| PERSONALWEB TECHNOLOGIES, LLC and LEVEL 3 COMMUNICATIONS, LLC, <br><br>Plaintiffs, <br><br>v. <br><br>GOOGLE INC. and YOUTUBE, LLC, <br><br>Defendants. | Case No. 5:13-cv-01317-EJD (HRL) <br><br>**DISCOVERY DISPUTE JOINT REPORT #6** <br><br>JUDGE: Hon. Howard R. Lloyd |

The parties dispute whether PersonalWeb Technologies, LLC ("PersonalWeb") should supplement its responses to Google Inc. and YouTube, LLC's (collectively, "Google") interrogatories relating to Google's identified prior art. In an effort to resolve this dispute, the parties conferred by email on multiple instances, and Google's lead counsel, Michael A. Berta, and PersonalWeb's lead counsel, Kalpana Srinivasan, met in person at Arnold & Porter's San Francisco offices on April 7, 2014 for approximately three hours on this issue and a number of other discovery disputes. The close of fact discovery occurred on April 18, 2014. The deadline for filing discovery motions is April 25, 2014. Lead counsel for both parties certify their compliance with Judge Lloyd's Standing Order Re: Civil Discovery Disputes.

**I.     BACKGROUND**

On December 8, 2011, PersonalWeb filed suit against Google and YouTube alleging patent infringement. PersonalWeb alleges that certain Google infrastructure systems infringe its patents.

Pursuant to the Patent Local Rules, PersonalWeb served its infringement contentions and Google served its invalidity contentions.

Google served interrogatories on PersonalWeb asking for information relating to Google's identified prior art. These interrogatories are the subject of this dispute, and are provided as follows:

**COMMON INTERROGATORY NO. 3:**

If you contend that any of the Prior Art cited and relied upon by Defendants in their Invalidity Contentions pursuant to P.R. 3-3 is missing or does not disclose any limitation(s) of the Asserted Claims of the Patents-in-Suit purposes of 35 U.S.C. §§ 102, 103, describe in detail all facts and circumstances supporting your contention (including by specifically identifying the limitation(s) you believe are missing or are not disclosed by the Prior Art), and identify all evidence in support of your contention.

**COMMON INTERROGATORY NO. 4:**

If you contend that any of the Prior Art cited and relied upon by Defendants in their Invalidity Contentions pursuant to P.R. 3-3 may not be combined for purposes of 35 U.S.C. §§ 102, 103, describe in detail all facts and circumstances supporting your contention (including by specifically identifying any motivation to combine that you contend is necessary and lacking), and identify all evidence in support of your contention.

**COMMON INTERROGATORY NO. 5:**

If you contend that any of the Prior Art cited and relied upon by Defendants in their Invalidity Contentions pursuant to P.R. 3-3 is not prior art for purposes of 35 U.S.C. §§ 102, 103 (e.g., is not a printed publication, was not in public use, was not available to the public, or for any other reason), describe in detail all facts and circumstances supporting your contention, and identifying all evidence in support of your contention.

II. **GOOGLE'S POSITION**

    A. **Statement Of Facts**

After the parties exchanged contentions under the Patent Local Rules, namely Plaintiff's infringement contentions and Defendant's invalidity contentions, the parties also sought responsive

contentions through interrogatories. In particular, Plaintiff PersonalWeb served interrogatories seeking non-infringement contentions from Google, and Defendant Google served interrogatories seeking validity contentions from PersonalWeb. However, to date, only Google has provided responses to these contention interrogatories. In its Interrogatory Nos. 3 & 4, PersonalWeb sought non-infringement contentions, including by asking Google:

> Explain fully and completely the basis for the affirmative defense that You have not infringed and are not infringing (either literally or under the doctrine of any equivalents) any claims of the Asserted Patents directly, contributorily, or by inducement

Google served two sets of non-infringement contentions by providing 72 pages of claim charts on a limitation-by-limitation basis pursuant to PersonalWeb's interrogatories, including on March 21, 2014 and on April 19, 2014. Google's non-infringement contentions addressed the 6 patents-in-suit, 47 asserted claims, and 5 separate accused systems, including Google's Query-Serving System, and three separate Google's File Systems, and YouTube's Content Management System.

By contrast, PersonalWeb's response merely references a couple deposition transcripts, the licenses to the patents-in-suit, and the *inter partes* review proceedings without providing a substantive response, let alone claim charts on a limitation-by-limitation basis. Such a response, which provides no substantive response, is insufficient at this stage in the litigation.

Google prepared invalidity contentions to address PersonalWeb's 47 asserted claims in 6 patents-in-suit, and Google seeks PersonalWeb's responsive contentions. PersonalWeb's refusal to limit the number of asserted claims has forced Google to invest substantial resources in providing its invalidity contentions to defend itself.[1] For nearly all of its asserted claims, PersonalWeb has had Google's invalidity contentions for a number of months, and therefore has had ample time during fact discovery to address (1) which limitations it believes are not disclosed in the prior art (Interrogatory No. 3); (2) which prior art may not be combined for purposes of obviousness

---

[1] Contrary to PersonalWeb's suggestions, Google provided 26 primary claim charts, and then included additional art as combinations for obviousness under 35 U.S.C. § 103. PersonalWeb expresses concern about the volume of prior art, but at the same time, it is asserting 47 claims from 6 patents-in-suit against 5 separate accused systems.

(Interrogatory No. 4); and (3) whether a reference actually constitutes prior art, which is always a threshold inquiry as a matter of fact (Interrogatory No. 5).

### B. Argument

At this stage in the proceedings, contentions discovery is ripe and relevant. *Protective Optics, Inc. v. Panoptx, Inc.*, C-05-02732, WL 963972, *2 (N.D. Cal. March 30, 2007) (contention interrogatories when served in the later stages of discovery can be "a useful tool to narrow the issues in dispute"); *Gardner v. Toyota Motor Corp.*, 2009 WL 8732016, at *1 (W.D. Wash. 2009) (citing *Therasense, Inc. v. Becton, Dickinson*, 2007 WL 2028197, at *1 (N.D. Cal. July 10, 2007) for the proposition that an interrogatory that seeks validity contentions on a element-by-element basis is a "proper and relevant subject of discovery"). The Court has issued its claim construction order, Google's served its invalidity contentions pursuant to the Patent Local Rules, fact discovery is now closed, and PersonalWeb now has Google's non-infringement contentions against 5 separate accused Google systems involving 47 asserted claims of 6 patents-in-suit. PersonalWeb should not be able to withhold its own contentions on the prior art any longer. *See Stamps.com, Inc. v. Endicia, Inc.*, CV 06-7499, 2009 WL 2576371, at *2 (C.D. Cal. May 21, 2009) (finding that when the fact discovery cutoff is less than a month away, and the parties are scheduled to exchange expert reports addressing their contentions, interrogatories seeking such contentions in the form of claim charts are proper, ripe discovery before expert reports); *Gardner*, 2009 WL 8732016, at *1 (validity contentions "will help the parties to narrow the disputed issues"). PersonalWeb has the benefit of both Google's invalidity contentions and non-infringement contentions, and should not be able to delay discovery and wait until PersonalWeb's responsive validity expert report before providing any of its contentions on validity. In short, contention interrogatories are proper discovery at this stage in the litigation. *See Stamps.com*, 2009 WL 2576371, at *2 (citing *Protective Optics*, WL 963972, at *2).

### 1. Validity Contentions Narrow Issues For Expert Reports

Obtaining PersonalWeb's validity contentions now would narrow the validity issues in dispute in advance of Google's opening expert report on invalidity. It would allow Google's expert to focus on those claim limitations that PersonalWeb asserts are not in the prior art and address its

- 4 -

contentions on how the prior art fails to disclose a particular limitation. At this point, PersonalWeb has failed to provide any contentions whatsoever on the prior art that would assist in focusing the expert reports. PersonalWeb's refusal to provide its validity contentions will only lead to an inefficient and un-focused debate in advance of expert reports and trial. In lights of these considerations, courts often compel invalidity contentions. *See Duhn Oil Tool, Inc. v. Cooper Cameron Corp.*, 1:05-CV-01411, 2010 WL 716306, at *2-3 (E.D. Cal. March 2, 2010) (compelling response to interrogatory seeking validity contentions on what is missing, on a limitation-by-limitation basis, from the prior art)[2]; *Gardner*, 2009 WL 8732016, at *1 (compelling response to interrogatory that sought validity contentions, asking patentee to "identify each and every limitation … that you contend is not disclosed" in the prior art and "explain why you believe each such limitation is missing"); *Quantum Loyalty Sys., Inc. v. TPG Rewards, Inc.*, 09-022, 2012 WL 726842, at *3 (D. Del. March 6, 2012) (compelling validity contentions that identifies each claim limitation that is not covered by the prior art while explaining in detail the factual bases why and how the prior art does not cover the claim limitations); *Layne Christensen Co. v. Purolite Co.*, 09-2381, 2011 WL 231400, at *1 (D. Kan. Jan. 24, 2011) (granting motion to compel validity contentions on party's non-obviousness positions).

**2. Validity Contentions Narrows Issues For Summary Judgment**

Validity contentions discovery not only facilitates expert reports, but also summary judgment proceedings. *See, e.g.*, *Therasense, Inc. v. Becton, Dickinson*, 2007 WL 2028197, at *1 (N.D. Cal. July 10, 2007) (referencing the use of claim charts from validity contentions during summary judgment proceedings on patent validity); *Gardner*, 2009 WL 8732016, at *1 (compelling validity contentions "to narrow the disputed issues"). Because PersonalWeb continues to maintain its 47 asserted claims in 6 patents-in-suit, summary judgment of invalidity would serve to either narrow the asserted claims at issue or remove patents from this litigation as a whole. The three Google interrogatories seek to remove issues in dispute for purposes of summary judgment

---

[2] PersonalWeb argues that in *Duhn* the Court compelled responses after the expert reports had already been exchanged. But, the expert reports that PersonalWeb's refers to are merely short declaration-like statements from an expert attached to an early summary judgment motion.

- 5 -

proceedings. Google's Interrogatory Nos. 3 & 4 would identify the undisputed limitations in the prior art and the undisputed issues in combining references, while Google Interrogatory No. 5 would confirm whether PersonalWeb actually contends a reference does not constitute prior art, which is always a threshold inquiry as a matter of fact. Given PersonalWeb's election not to limit the number of asserted claims, Google would like to address at least certain of the asserted claims during summary judgment in light of the prior art. But, PersonalWeb's failure to identify the issues not in dispute only frustrates the possibility of bringing focused summary judgment motions.

### III. PERSONALWEB'S POSITION

Google asserts that it is PersonalWeb's burden to identify claim limitations which are disclosed in prior art in order to "narrow" issues for Google's invalidity expert report. Google's argument is backwards and seeks to shift its own burden onto PersonalWeb.

A patent is presumed valid. 35 U.S.C. § 282. The burden is on the party challenging the patent to show, by clear and convincing evidence, that the patent is invalid. *See Hybritech Inc. v. Monoclonal Antibodies, Inc.,* 802 F.2d 1367 (Fed. Cir. 1986); *Invitrogen Corp. v. Clontech Labs., Inc.,* 429 F.3d 1052, 1063 (Fed. Cir. 2005) (*citing Apotex USA, Inc. v. Merck & Co., Inc.,* 254 F.3d 1031, 1036 (Fed. Cir. 2001)); *see also Schumer v. Lab. Computer Sys., Inc.,* 308 F.3d 1304 (Fed. Cir. 2002) ("Evidence of invalidity must be clear as well as convincing. Typically, testimony concerning anticipation must be testimony from one skilled in the art and must identify each claim element, state the witnesses' interpretation of the claim element, and explain in detail how each claim element is disclosed in the prior art reference."). Despite Google's comparison of the subject interrogatories to an interrogatory served by PersonalWeb requesting the basis for affirmative defenses listed in Google's Answer, this is simply not the same burden as that of a party asserting an affirmative defense.

Google has not yet served its expert report on invalidity in this case, and as such, PersonalWeb does not have Google's full opinions regarding how Google believes PersonalWeb's asserted claims are disclosed in Google's list of prior art references. According to the scheduling order in this case, Google is to provide its invalidity expert report a month from now, after which PersonalWeb will respond with its own expert report on validity. Dkt. No. 253. Nothing in the

scheduling order in this case or in the Patent Local Rules requires a plaintiff to provide "validity contentions." Requiring PersonalWeb to provide its validity positions now, without having seen Google's expert report, is premature and improperly places the burden on PersonalWeb to respond to arguments that Google has not yet provided.

As federal courts have noted, "[o]nce the expert opinions on invalidity are disclosed and analyzed, the invalidity issues may well narrow and change. Accordingly, requiring [a plaintiff] to answer [an interrogatory seeking a response to defendant's invalidity contentions] now is likely to result in a waste of time and resources. With the benefit of the expert witness opinions, [a plaintiff] should be able to more efficiently and meaningfully answer the interrogatory." *Bonutti Skeletal Innovations LLC v. Linvatec Corp.*, No. 6:12–cv–1379–ORL–22TBS, 2014 WL 186123, at *4 (M.D. Fla. Jan. 16, 2014) (*citing IP Innovation, LLC et al. v. Sharp Corp.,* 219 F.R.D. 427, 429–30 (N.D.Ill.2003), *Tel–Tron Techs. Corp. v. Stanley Sec. Solutions, Inc.,* No. 6:11–cv–1448–Orl–26TBS, 2012 WL 3522659, *2–3 (M.D. Fla. Aug.14, 2012); *Carson Optical, Inc. v. Prym Consumer USA, Inc.,* No. CV 11–3677(SJF) (ARL), 2012 WL 7997611, *1 (E.D.N.Y. Sept. 7, 2012); *Monsanto Co. v. E.I. Du Pont De Nemours and Co.,* No. 4:09–cv–686–ERW, 2012 WL 27936, *2 (E.D. Mo., Jan.5, 2012); *Martin Marietta Materials, Inc. v. Bedford Reinforced Plastics, Inc.,* No. 3:2003–57, 2007 WL 1300772, *4 (W.D. Pa. May 2, 2007)).

Only one of the cases cited by Google addresses the issue raised by Google in this Joint Report, and that decision compelled an interrogatory response <u>after</u> expert reports had already been exchanged. *See Duhn Oil Tool, Inc.*, 2010 WL 716306, at *2-3; *Id.* at 2007 WL 4439011, at *1 (E.D. Cal. October 12, 2007) (referencing expert opinions).

The other cases cited by Google are inapposite. The subject interrogatory in *Gardner* asked the plaintiff to provide its position on six specifically identified prior art references. 2009 WL 8732016, at *1. The plaintiff objected to this interrogatory on the basis that it was vague, overbroad, and irrelevant, and the court found that it was not. *Id.* These facts are completely distinct from the issue here, where Google has cited <u>over 70</u> prior art references, and has asked PersonalWeb to provide its position as to <u>all</u> of these references. *Quantum Loyalty Sys., Inc.* involved an interrogatory requesting the plaintiff's position on <u>two</u> of the <u>defendant's own prior art</u>

- 7 -

products which had not been accused in the case. 2012 WL 726842, at *3. The plaintiff objected only on the grounds that the interrogatory did not seek relevant evidence, and the court found that this was relevant. *Id.* The subject interrogatory in *Layne Christensen Co.*, did not seek a response to invalidity contentions at all, but rather requested the plaintiff's factual bases for secondary considerations of non-obviousness. 2011 WL 231400, at *1.

Without the benefit of Google's invalidity expert report, requiring PersonalWeb to respond to the interrogatories identified by Google would be premature, unduly burdensome, and would be a waste of time and resources.

## IV.   GOOGLE'S PROPOSAL

Google requests that the Court compel PersonalWeb's answers to Common Interrogatories Nos. 3 and 4, with responses in the form of claim charts, addressing Google's invalidity contentions on a limitation-by-limitation basis. For Interrogatory No. 5, Google requests that the Court compel PersonalWeb's responses as to factual assertions, if any, that any of the Google identified prior art does not actually constitutes prior art, which is an initial threshold inquiry as a matter of fact.

## V.   PERSONALWEB'S PROPOSAL

PersonalWeb respectfully requests the Court deny Google's request to compel PersonalWeb to provide supplemental responses to the interrogatories identified by Google, as these interrogatories are premature and improper.

Dated: April 25, 2014

By:   */s/ Michael A. Berta*
Michael A. Berta (SBN 194650)
Ryan J. Casamiquela (SBN 228559)
ARNOLD & PORTER LLP
Three Embarcadero Center, 7th Floor
San Francisco, CA 94111
Phone: (415) 471-3100
Fax: (415) 471-3400
michael.berta@aporter.com

Nicholas H. Lee (SBN 259588)
ARNOLD & PORTER LLP
777 S. Figueroa Street, 44th Floor
Los Angeles, CA 90017
Phone: (213) 243-4000
Fax: (213) 243-4199
nicholas.lee@aporter.com

|   |   |
|---|---|
|   | Sara P. Zogg (admitted *pro hac vice*) <br> ARNOLD & PORTER LLP <br> 555 Twelfth Street, NW <br> Washington, DC 20004 <br> Phone: (202) 942-5000 <br> Fax: (202) 942-5999 <br> sara.zogg@aporter.com |
|   | *Attorneys for Defendants* <br> GOOGLE INC. and YOUTUBE, LLC |
| Dated: April 25, 2014 | By: */s/ Ashley L. McMillian* <br> **SUSMAN GODFREY L.L.P.** <br> Max L. Tribble, Jr. (SBN 20213950) <br> mtribble@susmangodfrey.com <br> Joseph Grinstein (SBN 24002188) <br> jgrinstein@susmangodfrey.com <br> Ashley L. McMillian (SBN 24070252) <br> amcmillian@susmangodfrey.com <br> 1000 Louisiana Street, Suite 5100 <br> Houston, Texas 77002 <br> Telephone: (713) 651-9366 <br> Facsimile: (713) 654-6666 <br><br> Marc M. Seltzer (SBN 54534) <br> mseltzer@susmangodfrey.com <br> Kalpana Srinivasan (SBN 237460) <br> ksrinivasan@susmangodfrey.com <br> 1901 Ave of the Stars, Suite 950 <br> Los Angeles, CA 90067 <br> Telephone: (310) 789-3100 <br> Facsimile: (310) 789-3150 |
|   | *Attorneys for Plaintiff* <br> *PersonalWeb Technologies, LLC* |

### Attestation Regarding Signatures

Pursuant to Local Rule 5-1, I, Michael A. Berta, attest that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's consent and have authorized the filing.

Dated: April 25, 2014         */s/ Michael A. Berta*

- 9 -

DISCOVERY DISPUTE JOINT REPORT # 6
Case No. 13-cv-01317