[Counsel for All Parties Listed on Signature Page]

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| PERSONALWEB TECHNOLOGIES, LLC and LEVEL 3 COMMUNICATIONS, LLC, | Case No. 5:13-cv-01317-EJD |
| Plaintiffs, | **DISCOVERY DISPUTE JOINT REPORT # 4** |
| v. | JUDGE: Hon. Howard R. Lloyd |
| GOOGLE INC. and YOUTUBE, LLC, | |
| Google. | |

**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

The parties dispute whether Google Inc. and YouTube, LLC (collectively, "Google" or "Defendants") should be compelled to produce to PersonalWeb Technologies, LLC ("PersonalWeb") source code and documents related to an unreleased product currently in development at Google. In an effort to resolve this dispute, the parties conferred by email on multiple instances, and PersonalWeb's lead counsel, Kalpana Srinivasan, and Google's lead counsel, Michael A. Berta, met in person at Arnold & Porter's San Francisco offices on April 7, 2014 for approximately three hours on this issue and a number of other discovery disputes. The close of fact discovery was scheduled for April 18, 2014. The deadline for filing discovery motions is April 25, 2014. Lead counsel for both parties certify their compliance with Judge Lloyd's Standing Order Re: Civil Discovery Disputes.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## I. BACKGROUND

On December 8, 2011, PersonalWeb filed suit against Google and YouTube alleging patent infringement. PersonalWeb alleges that certain of Defendants' systems infringe its patents, including Google's Query-Serving System, Google's File Systems, and YouTube's Content Management System.

## II. PERSONALWEB'S POSITION



DISCOVERY DISPUTE JOINT REPORT # 4
Case No. 13-cv-01317





. At that time, despite numerous requests from PersonalWeb, Google had still never identified in the first instance what topics the April 11 witness would be testifying on, even though it had taken two months for Google to identify and schedule the deposition. PersonalWeb opposed Google's attempt to reschedule the deposition, to which Google responded that the witness had been "released" for April 11. Google has now informed PersonalWeb it will present two witnesses to testify on the topics [redacted] during the week after the discovery cut-off in this case.



Discovery Dispute Joint Report # 4
Case No. 13-cv-01317

1    Accordingly, PersonalWeb asks the Court to compel Google to produce documents and

2   source code ██████████████.

3   **III.    GOOGLE'S POSITION**



- 4 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23



24    Courts find that when a product is still in development, discovery into such material would

25  [1] PersonalWeb's characterization regarding the scheduling of the Blobstore 30(b)(6) depositions is
immaterial to this motion.

26  ████████████████, and PersonalWeb has already deposed those witnesses on the noticed

27  topics. Any deferral in the scheduling of those depositions was done to produce documents at
PersonalWeb's request, which it then marked at the deposition.

28

DISCOVERY DISPUTE JOINT REPORT # 4
Case No. 13-cv-01317

1   be pre-mature because an incomplete, non-"live" product cannot be evaluated for infringement in a

2   patent litigation. *See EPOS Techs. v. Pegasus Techs.*, 842 F. Supp. 2d 31, 34 (D.D.C. 2012) ("there

3   is not yet any final product that can be evaluated for infringement; the design is still in flux");

4   *Fenster Family Patent Holdings, Inc,. et al., v. Siemens Med. Solutions USA, Inc.*, Civ. A. 04-0038,

5   2005 WL 2304190, *6 (D. Del. Sept. 20, 2005) (denying motion to compel discovery when party

6   sought information "directed to a yet to be developed product").

7

8

9

10

11

12

13

14          The scope of discovery under the Federal Rules of Civil Procedure is not so broad as to

15   require production of materials or testimony on products still in development and would impose

16   unnecessary burdens on Google. *See EPOS Techs.*, 842 F. Supp. 2d at 34 (explaining that "the

17   scope of discovery in patent cases . . . is not so broad as to require the discovery of products that do

18   not yet exist in a final form"); *Fenster*, 2005 WL 2304190, *6 (denying motion to compel

19   deposition testimony when party sought information directed to incomplete product).

20

21

22

23                                                                                          But, under

24   the case schedule, PersonalWeb's expert report on infringement is due in a little over a month, on

25   May 30, 2014, and Google's rebuttal expert report on non-infringement is due on June 30, 2014.  In

26   addition, the expert discovery cutoff is on August 4, 2014 and the deadline for filing dispositive

27   motions is on August 18, 2014

28

DISCOVERY DISPUTE JOINT REPORT # 4
Case No. 13-cv-01317

Allowing PersonalWeb to amend its infringement contentions at that late junction would severely prejudice Google and its defense. *See Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, C 09-5235, 2013 WL 4604206, at *5 (N.D. Cal. Aug. 28, 2013) ("PI is prejudiced by allowing Fairchild to amend two months after the close of discovery and two weeks before summary judgment motions are due."). Accordingly, when the accused infringer continues to develop new, separate versions of a product (as often happens in today's competitive marketplace), courts have limited which versions are in the case and which versions are not part of the case. *See Adobe Sys. Inc. v. Wowza Media Sys.*, No. 11-CV-02243, 2014 WL 709865, at *17 n.10 (N.D. Cal Feb. 23, 2014) (finding that while version of 3.0 of the server system is part of the case, versions 3.1 and after of server system are not).

## IV.    PERSONALWEB'S PROPOSAL

PersonalWeb seeks an order compelling Google

- 7 -

1

## V.   GOOGLE'S PROPOSAL

2    Google asks that this Court deny PersonalWeb's requests in their entirety.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DISCOVERY DISPUTE JOINT REPORT # 4
Case No. 13-cv-01317

Dated: April 25, 2014        By:    /s/ Ashley McMillian
                                    SUSMAN GODFREY L.L.P.
                                    Max L. Tribble, Jr. (SBN 20213950)
                                    mtribble@susmangodfrey.com
                                    Joseph Grinstein (SBN 24002188)
                                    jgrinstein@susmangodfrey.com
                                    Ashley L. McMillian (SBN 24070252)
                                    amcmillian@susmangodfrey.com
                                    1000 Louisiana Street, Suite 5100
                                    Houston, Texas 77002
                                    Telephone: (713) 651-9366
                                    Facsimile: (713) 654-6666

                                    Marc M. Seltzer (SBN 54534)
                                    mseltzer@susmangodfrey.com
                                    Kalpana Srinivasan (SBN 237460)
                                    ksrinivasan@susmangodfrey.com
                                    1901 Ave of the Stars, Suite 950
                                    Los Angeles, CA 90067
                                    Telephone: (310) 789-3100
                                    Facsimile: (310) 789-3150

                                    *Attorneys for Plaintiff*
                                    *PersonalWeb Technologies, LLC*

Dated: April 25, 2014        By:    /s/ Michael A. Berta (with permission)
                                    Michael A. Berta (SBN 194650)
                                    Ryan J. Casamiquela (SBN 228559)
                                    ARNOLD & PORTER LLP
                                    Three Embarcadero Center, 7th Floor
                                    San Francisco, CA 94111
                                    Phone: (415) 471-3100
                                    Fax: (415) 471-3400
                                    michael.berta@aporter.com
                                    ryan.casamiquela@aporter.com

                                    Nicholas H. Lee (SBN 259588)
                                    ARNOLD & PORTER LLP
                                    777 S. Figueroa Street, 44th Floor
                                    Los Angeles, CA 90017
                                    Phone: (213) 243-4000
                                    Fax: (213) 243-4199
                                    nicholas.lee@aporter.com

                                    Sara P. Zogg (admitted *pro hac vice*)
                                    ARNOLD & PORTER LLP
                                    555 Twelfth Street, NW
                                    Washington, DC 20004
                                    Phone: (202) 942-5000
                                    Fax: (202) 942-5999
                                    sara.zogg@aporter.com

                                    *Attorneys for Defendants*
                                    GOOGLE INC. and YOUTUBE, LLC

- 9 -

### Attestation Regarding Signatures

Pursuant to Local Rule 5-1, I, Ashley McMillian, attest that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's consent and have authorized the filing.

Dated: April 25, 2014                          /s/Ashley McMillian
                                               Ashley McMillian

- 10 -