UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PERSONALWEB TECHNOLOGIES, LLC, et al.,<br><br>    Plaintiff,<br><br>  v.<br><br>GOOGLE INC., et al.,<br><br>    Defendants. | Case No. 5:13-cv-01317 EJD<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM NON-DISPOSITIVE PRETRIAL ORDERS OF MAGISTRATE JUDGE**<br><br>Re: Dkt. No. 333 |

Upon referral of the undersigned, Magistrate Judge Howard R. Lloyd granted a motion filed by Defendants Google, Inc. and YouTube, LLC (collectively, "Google") for sanctions related to Plaintiff PersonalWeb Technologies, LLC's ("PersonalWeb") spoliation of evidence and ordered PersonalWeb to pay attorney's fees and costs to Google. See Docket Item Nos. 267, 324. Presently before the court is PersonalWeb's motion for relief from the sanctions order.[1] See Docket Item No. 333. Google filed written opposition to the motion. See Docket Item No. 336.

This court has carefully reviewed the matter but finds no basis to find error.

---

[1] Google correctly points out that PersonalWeb's motion for relief from Judge Lloyd's first order - the one in which he found spoliation by PersonalWeb - was deemed denied by this court on March 21, 2014. See Docket Item No. 280. Google objects on that basis to any of PersonalWeb's instant arguments which seem to challenge the basis for the substantive spoliation decision. While Google's position is understandable, the court will take up all of PersonalWeb's arguments because the reasoning underlying the first spoliation decision is intertwined with the second decision on monetary sanctions.

1

Case No.: 5:13-cv-01317 EJD
ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM NON-DISPOSITIVE PRETRIAL ORDERS OF MAGISTRATE JUDGE

PersonalWeb's motion will therefore be denied for the reasons explained below.

## I.   LEGAL STANDARD

Subject to some limitations not relevant here, any non-dispositive pretrial matter before the district court may be referred to a magistrate judge for determination.  28 U.S.C. § 636(b)(1)(A).  Once rendered, the decision of the magistrate judge may only be reconsidered by the district court where the order is "clearly erroneous" or "contrary to law."  Id.; Fed. R. Civ. P. 72(a).  This standard is not easily met because it affords the magistrate judge significant deference.  United States v. Abonce-Barrera, 257 F.3d 959, 969 (9th Cir. 2001) ("[T]he text of the Magistrates Act suggests that the magistrate judge's decision in such nondispositive matters is entitled to great deference by the district court.").

"A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed."  United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948).  "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure."  Tompkins v. R.J. Reynolds Tobacco Co., 92 F. Supp. 2d 70, 74 (N.D.N.Y. 2000).

## II.   DISCUSSION

Judge Lloyd was tasked with two questions: whether Google adequately proved that PersonalWeb had willfully spoiled evidence and, if so, whether and how PersonalWeb should be sanctioned for its conduct.  After full briefing by the parties and a hearing on the matter, Judge Lloyd answered both questions in the affirmative, found that monetary sanctions were appropriate, and ordered PersonalWeb to pay $123,934.09.

PersonalWeb's instant challenge consists of three main arguments: (1) that Google purposefully delayed in bringing the spoliation motion, (2) that PersonalWeb did not destroy relevant evidence, and (3) there was not a precursory finding of "egregious wrongdoing" or "significant prejudice" to justify the sanctions.  None of these arguments compel modification of

2

Case No.: 5:13-cv-01317 EJD
ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM NON-DISPOSITIVE PRETRIAL ORDERS OF MAGISTRATE JUDGE

Judge Lloyd's order.

Taking them as listed above, PersonalWeb believes sanctions should have denied due to Google's "calculated delay" in bringing the spoliation motion. PersonalWeb argues such conduct is contrary to Civil Local Rule 7-8(c), which states that sanctions motions should "be made as soon as practicable after the filing party learns of the circumstances that it alleges make the motion appropriate." But in asserting this argument now for a fourth time,[2] PersonalWeb still has not shown that Judge Lloyd's rejection of delay as a reason to altogether deny sanctions was either erroneous or contrary to law. Indeed, nothing in Rule 7-8(c) *requires* that sanctions be denied solely because of any delay, extended or otherwise. This is unsurprising because such a requirement would unduly restrict the discretionary nature of a sanctions decision. Apple Inc. v. Samsung Elecs. Co., Ltd., 881 F. Supp. 2d 1132, 1135 (N.D. Cal. 2012) ("A trial court's discretion regarding the form of a spoliation sanction is broad . . . ."). Judge Lloyd's determination is not subject to reversal just because of some indefinite timing language in a local rule.

In any event, Judge Lloyd did accept PersonalWeb's protestation of delay in some form and reduced the amount of sanctions accordingly. That was an appropriate exercise of discretion. See Leon v. IDX Sys. Corp., 464 F.3d 951, 961 (9th Cir. 2006). To the extent PersonalWeb invites this court to revisit that particular issue and reduce the amount further based on this or any other argument, that invitation must be declined. Grimes v. City & Cnty. of S.F., 951 F.2d 236, 241 (9th Cir. 1991) (holding that pretrial orders of a magistrate judge are not subject to de novo review and, as such, "the reviewing court may not simply substitute its judgment for that of the deciding court."). The monetary amount of sanctions determined attributable to the spoliation issue, ordered after Judge Lloyd's careful review of Google's billing statements, is not unreasonable. Leon, 464 F.3d at 961.

PersonalWeb's second argument fares no better. It misstates the law when it claims the

---

[2] PersonalWeb argued this delay twice to Judge Lloyd - once in opposition to the spoliation motion and once in opposition to monetary sanctions - and then again to this court when it sought review of Judge Lloyd's first order.

3
Case No.: 5:13-cv-01317 EJD
ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM NON-DISPOSITIVE PRETRIAL ORDERS OF MAGISTRATE JUDGE

1  moving party must "show that relevant evidence has been destroyed" or that the destroyed
2  evidence must be relevant to central litigation issues. The actual standard is something different:
3  spoliation sanctions may be imposed if *potentially* relevant evidence was destroyed. Id. at 959.
4  The distinction is subtle but nonetheless important because a standard which only requires the
5  destruction of potentially relevant evidence is less burdensome than one focused on actual
6  relevance or relevance to central issues.

      Here, Judge Lloyd examined the record and found that potentially relevant evidence had been destroyed, particularly by former PersonalWeb employee Jake Drew, but then reduced the amount of fees ultimately awarded to account for actual degree of prejudice to Google. That exercise of discretion was certainly consistent with the law on spoliation sanctions, and PersonalWeb's argument - which relies on cherry-picked portions of Judge Lloyd's order - does not demonstrate otherwise.

      The third argument is similarly unpersuasive. PersonalWeb again misconstrues the law when it claims a finding of "egregious wrongdoing" or "significant prejudice" is a prerequisite to the imposition of sanctions under the court's inherent powers. Instead, sanctions may be appropriate "not only for bad faith, but also for willfulness or fault by the offending party." Unigard Sec. Ins. Co. v. Lakewood Eng'g & Mfg. Corp., 982 F.2d 363, 368 n.2 (9th Cir. 1992). Here, Judge Lloyd found that "PersonalWeb spoliated evidence as a result of its failure to timely implement a litigation hold" and added the following more detailed description of its behavior:

> Litigation was reasonably foreseeable in July 2011, yet rather than put a litigation hold in place, PersonalWeb waited a month to implement its first email retention policy, which despite the name, mandates the destruction of some emails without a backup. An additional four months lapsed before PersonalWeb finally ensured the preservation of evidence by implementing the litigation hold.

This is certainly evidence of willfulness or bad faith. As such, Judge Lloyd's spoliation finding was not erroneous, nor was his decision to impose only monetary sanctions - as opposed to another, more extreme sanction - based on that conduct.

      Finally, the court has considered PersonalWeb's request that the sanctions payment be

4
Case No.: 5:13-cv-01317 EJD
ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM NON-DISPOSITIVE PRETRIAL ORDERS OF MAGISTRATE JUDGE

1   stayed, and finds the reasoning underlying it partially persuasive.  Because this case has since been
2   stayed in its entirety, there is no prejudice to Google if payment is abated at least during the
3   duration of the stay.  Delaying the payment also saves the parties additional litigation costs over
4   whether and how PersonalWeb may appeal from the sanctions order while the case is otherwise
5   stayed.  Accordingly, Google may seek an order for payment at the appropriate time consistent
6   with the instruction which follows.

### III.   ORDER

Based on the foregoing, the court finds that neither of Judge Lloyd's orders concerning spoliation sanctions are erroneous or contrary to law.  PersonalWeb's motion for relief from these orders is therefore DENIED.

Payment of the monetary sanctions is STAYED during the pendency of the case-wide stay imposed on August 20, 2014.  Once the stay is lifted but at no time sooner, Google may file a motion before the undersigned for an order directing PersonalWeb to pay the sanctions.

**IT IS SO ORDERED.**

Dated:  October 24, 2014



EDWARD J. DAVILA
United States District Judge

5
Case No.: 5:13-cv-01317 EJD
ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM NON-DISPOSITIVE
PRETRIAL ORDERS OF MAGISTRATE JUDGE