MARC M. SELTZER (54534)
KALPANA SRINIVASAN (237460)
DAVIDA BROOK (275370)
SUSMAN GODFREY L.L.P.
1901 Avenue of the Stars, Suite 950
Los Angeles, California  90067-6029
Telephone:  (310) 789-3100
Facsimile:  (310) 789-3150
mseltzer@susmangodfrey.com
ksrinivasan@susmangodfrey.com
dbrook@susmangodfrey.com

MAX L. TRIBBLE, JR. (*pro hac vice*)
JOSEPH GRINSTEIN (*pro hac vice*)
ASHLEY L. MCMILLIAN (*pro hac vice*)
SUSMAN GODFREY L.L.P.
1000 Louisiana, Suite 5100
Houston, Texas  77002-5096
Telephone:  (713) 651-9366
Facsimile:  (713) 654-6666
mtribble@susmangodfrey.com
jgrinstein@susmangodfrey.com
amcmillian@susmangodfrey.com

Attorneys for Plaintiff
PersonalWeb Technologies, LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| PERSONALWEB TECHNOLOGIES, LLC. AND LEVEL 3 COMMUNICATIONS LLC, <br><br> Plaintiff, <br><br> vs. <br><br> GOOGLE INC. AND YOUTUBE, LLC <br><br> Defendants. | Case No 5:13-cv-01317 (EJD) <br><br> **JOINT STATUS REPORT RE STATUS OF RELEVANT REVIEW PROCEEDINGS** <br><br> DATE:  N/A <br> TIME:  N/A <br> PLACE:  N/A |

By its August 20, 2014, Order Granting Defendants' Motions to Stay, the Court ordered that "[t]he parties in each case shall submit a joint status report apprising the court of the status of the relevant review proceedings and arbitration on February 11, 2015, and every six months thereafter. These reports shall be filed as separate docket entries on ECF/PACER." Doc. No. 326 at 11.

- NetApp: On May 30, 2013, a defendant in another PersonalWeb matter (NetApp) filed a petition with the PTO requesting review of claim 35 of the '791 patent. On July 25, 2013, the PTO denied institution of this IPR.

- NetApp: On July 26, 2013, NetApp requested reexamination of claim 35 of the '791 patent. On June 2, 2014, the PTO found claim 35 invalid. This decision is currently on appeal to the Patent Trial and Appeal Board ("PTAB"), and an appeal hearing is currently scheduled for August 18, 2015, at 10:00 AM..

- Apple: On September 20, 2013, a defendant in another PersonalWeb matter (Apple, Inc.) filed a petition with the PTO requesting review of various claims. Of these claims, the following are at issue in this case: '310 Patent: Claims 70, 81, 82, and 86. On March 25, 2015, the PTAB issued a Final Written Decision finding these claims unpatentable. On April 24, 2015, PersonalWeb filed a request for rehearing of the Patent Trial and Appeal Board's Final Written Decision regarding each of the challenged claims in the '310 patent. The PTAB denied PersonalWeb's request for rehearing.

- Rackspace: On October 11, 2013, a defendant in another PersonalWeb matter (Rackspace, Inc.) filed petitions with the PTO requesting review of various patents and claims. On October 28, 2014, the PTO terminated these IPRs as to all parties as a result of a joint motion to dismiss filed by Rackspace and PersonalWeb after settlement between the parties.

- Unified Patents: On April 28, 2014, an entity not party to any of the PersonalWeb actions (Unified Patents Inc.) petitioned for IPR of the '791 patent and sought to

1

join its proceeding with the pending IPR concerning the same patent initiated by Rackspace and described above. On July 24, 2014, the PTO denied institution of this IPR.

- EMC and VMWare: On May 15, 2014, the Patent Trial and Appeal Board issued decisions in the six IPRs instituted on May 17, 2013, finding all of the asserted claims reviewed invalid (including claims 30–33 and 41 of the '791 patent that are asserted against Google). On May 20, 2014, pursuant to 35 U.S.C. §§ 142 and 37 C.F.R. § 90.2(a), PersonalWeb appealed all six of the Board's May 15, 2014, decisions to the Federal Circuit. All briefing has been completed and oral argument was heard on August 4, 2015. On August 10, 2015, the Federal Circuit affirmed the PTAB's final rejections.

- Google/YouTube: On June 18, 2014, Google petitioned for IPR of various patents and moved for "discretionary" joinder of the Rackspace IPRs described above. *See* 37 C.F.R. § 42.122(b) ("Any request for joinder must be filed [] no later than one month after the institution date of any *inter partes* review for which joinder is requested."); 37 C.F.R. § 42.5 ("The Board may waive or suspend a requirement of parts 1, 41, and 42 and may place conditions on the waiver or suspension."). On October 28, 2014, the PTO denied Google's request to join the Rackspace IPRs.

- Google/YouTube: On October 23, 2014, Google requested reexamination of claims 25 and 33 of the '662 patent [No. 90/013,379], and claim 125 of the '096 patent [No. 90/013,378]. With respect to the '662 patent, the PTO declined to reexamine claim 33 but granted reexamination of claim 25. On December 3, 2014, the PTO granted reexamination of claim 125 of the '096 patent. On April 23, 2015, the PTO issued a final rejection of claim 25 of the '662 patent. On July 2, 2015, the PTO issued a final rejection of claim 125 of the '096 patent. PersonalWeb intends to appeal this decision.

- Google/YouTube: On April 14, 2015, Google requested reexamination of claims 10, 15, 16, and 25 of the '280 patent [No. 90/013,487], and, on May 7, 2015, the PTO granted this request. On July 27, 2015, the PTO issued a Non-Final Office Action rejecting claims 10, 15, 16, and 25 of the '280 patent.
- Iron Mountain/Autonomy Arbitration: On August 4, 2014, the litigation between PersonalWeb and Autonomy, Inc. was dismissed following settlements between the parties in which all rights to the patents-in-suit formerly held by Iron Mountain, Incorporated, and/or Autonomy, Inc. were assigned to PersonalWeb.

In light of the current status of the relevant review proceedings, neither party requests to lift the stay at this time.

Dated: August 11, 2015

MARC M. SELTZER
KALPANA SRINIVASAN
DAVIDA BROOK
MAX L. TRIBBLE, JR.
JOSEPH GRINSTEIN
ASHLEY L. MCMILLIAN
SUSMAN GODFREY LLP

By: /s/ Kalpana Srinivasan
Kalpana Srinivasan
Attorneys for Plaintiff
PersonalWeb Technologies, LLC

Dated: August 11, 2015

MICHAEL A. BERTA
SARA P. ZOGG
NICHOLAS H. LEE
ARNOLD & PORTER LLP

By: /s/ Michael A. Berta
Michael A. Berta
Attorneys for Defendant
Google, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on August 11, 2015, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Northern District of California, using the electronic filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

By:   /s/ Kalpana Srinivasan
       Kalpana Srinivasan