MARC M. SELTZER (54534)
KALPANA SRINIVASAN (237460)
DAVIDA BROOK (275370)
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, California 90067-6029
Telephone: (310) 789-3100
Facsimile: (310) 789-3150
mseltzer@susmangodfrey.com
ksrinivasan@susmangodfrey.com
dbrook@susmangodfrey.com

MAX L. TRIBBLE, JR. (*pro hac vice*)
JOSEPH GRINSTEIN (*pro hac vice*)
ASHLEY L. MCMILLIAN (*pro hac vice*)
SUSMAN GODFREY L.L.P.
1000 Louisiana, Suite 5100
Houston, Texas 77002-5096
Telephone: (713) 651-9366
Facsimile: (713) 654-6666
mtribble@susmangodfrey.com
jgrinstein@susmangodfrey.com
amcmillian@susmangodfrey.com

Attorneys for Plaintiff
PersonalWeb Technologies, LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| PERSONALWEB TECHNOLOGIES, LLC. AND LEVEL 3 COMMUNICATIONS LLC,<br><br>Plaintiff,<br><br>vs.<br><br>GOOGLE INC. AND YOUTUBE, LLC<br><br>Defendants. | Case No 5:13-cv-01317 (EJD)<br><br>**JOINT STATUS REPORT** |

On January 13, 2014, this Court stayed these actions pending final exhaustion of the relevant review proceedings, including any appeals. (*See* Dkt. 55). The relevant review proceedings have resulted in the following outcomes:

With respect to U.S. Patent No. 7,802,310 ("the '310 patent"), the Patent Trial and Appeal Board ruled the challenged claims of the '310 patent—claims 24, 32, 70, 81, 82, and 86—are unpatentable as obvious in view of two prior art references: U.S. Patent No. 5,649,196 (Woodhill) and U.S. Patent No. 7,359,881 (Stefik). On March 8, 2019, the Federal Circuit ultimately reversed the Patent Trial and Appeal Board's decision invalidating claims 24, 32, 81, 82, and 86[1] of the '310 patent based on Woodhill and Stefik. *See Personal Web Technologies, LLC v. Apple, Inc.*, No. 2018-1599 (Fed. Cir. Mar. 8, 2019). The Federal Circuit issued a mandate to the United States Patent and Trademark Office on June 12, 2019. *See Personal Web Technologies, LLC v. Apple, Inc.*, No. 2018-1599 (Fed. Cir. June 12, 2019). This *inter partes review* proceeding is not subject to any further appeals.

Google also notes that claims 20 and 69 of the '310 patent, which are not asserted in this action, have been challenged in IPR2019-01111 by a third party. The PTAB has not yet decided whether to institute this IPR. The parties dispute whether the outcome of that action may impact the patentability of the claims in this action. Google's position is that a patentability decision in that IPR may have collateral estoppel impact on the claims in this action. PersonalWeb's position is that a ruling from the PTAB cannot overcome the Federal Circuit's determination as to the other '310 asserted claims and Google agreed when this case was stayed to estoppel terms which prohibit it "from raising invalidity arguments in a subsequent lawsuit that were raised or could have been raised during the IPR" proceedings in which it or other parties participated. Dkt. 326.

In addition to the *inter partes* review proceedings relating to the '310 patent, there have been *inter partes* review proceedings and *ex parte* reexaminations involving other patents that PersonalWeb has asserted against Google. Those proceedings, which are not subject to any further appeals, invalidated the following asserted claims of the patents-in-suit:

---

[1] PersonalWeb did not appeal the Patent Trial and Appeal Board's decision invalidating claim 70 of the '310 patent.

- Claims 30, 31, 32, 35, and 41 of U.S. Patent No. 5,978,791. IPR2013-00082, Dkt. 83, Final Written Decision, at 66.
- Claims 10 and 25 of U.S. Patent No. 6,415,280 ("the '280 patent"). IPR2013-00083, Dkt. 80, Final Written Decision, at 41-42.
- Claims 83 and 125 of U.S. Patent No. 8,001,096 ("the '096 patent"). IPR2013-00087, Dkt. 69, Final Written Decision, at 54.
- Claim 70 of Patent No. 7,802,310 ("the '310 patent"). *See* (IPR2013-00596), Dkt.33, Final Written Decision, at 25 (not appealed).
- Claim 25 of U.S. Patent No. 7,949,662 ('662 patent). *See* Application Ctl. No. 90/013,379, 2017-05-23 Reexamination Certificate Issuance.

\* \* \* \*

The claims at issue in this case and not presently subject to further PTO proceedings or appeals which PersonalWeb will continue to assert are as follows:

- Claims 81, 82, and 86 of the '310 patent
- Claims 15, 16 of the '280 patent
- Claim 33 of the '662 patent

The parties agree and respectfully ask that the Court lift the current stay and set a status conference for resolving the remaining disputes regarding the claims above.

Dated: August 5, 2019

MARC M. SELTZER
KALPANA SRINIVASAN
DAVIDA BROOK
MAX L. TRIBBLE, JR.
JOSEPH GRINSTEIN
ASHLEY L. MCMILLIAN
SUSMAN GODFREY LLP

By:  */s/ Max Tribble*
Max Tribble
Attorneys for Plaintiff PersonalWeb Technologies, LLC